### LICHTER v. SEITZMAN et al.

(Supreme Court, Appellate Term.    March 10, 1910.)

JUDGMENT (§ 138*)—OPENING DEFAULT—AFFIDAVITS.

> The motion of defendant I., in an action which is claimed to be for conversion, committed by defendants as copartners, to open the default, involving his subsequent arrest on a body execution, should be granted; he making affidavit that he did not know he was a party to the litigation till his arrest, the complaint and summons having been served on defendant J. only, the answer, ostensibly on behalf of all the defendants, having been interposed by defendant D., as attorney, in person, concededly not an attorney at law, and the affidavit of plaintiff's counsel in opposition to the motion, while alleging that I., "appeared at the trial," indicating, by the context, that this is a mere conclusion, derived from another conclusion, that an answer was interposed for him, without any evidence that he authorized the answer of D.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 251, 254; Dec. Dig. § 138.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Julius Lichter against David Seitzman and others. From an order denying the motion of defendant Isaac Seitzman to vacate and set aside a judgment and the body execution thereunder issued, and to open the default taken against him, he appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Abraham Miles, for appellant.
Abraham A. Silverberg, for respondent.

BIJUR, J.    This is an action on what is claimed to be conversion, committed by the defendants as copartners. The summons and veri-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

121 N.Y.S.—39

fied complaint were served on Jacob Seitzman. An answer was interposed, ostensibly on behalf of all the defendants, by David Seitzman as attorney in person, concededly not an attorney at law. After the trial, judgment by default was rendered against Isaac Seitzman, who was subsequently arrested on a body execution, and is still confined within the jail liberties.

Plaintiff sought to justify appellant's arrest on the pretext that, although not served with process, he appeared at the trial. On appellant's motion to open the default and have a new trial, the affidavit of plaintiff's counsel in opposition alleges that Isaac Seitzman "appeared at the trial"; but the context indicates that this is a mere conclusion, derived from another conclusion, to wit, that an answer was interposed for him (although there is no evidence that the answer of his codefendant was authorized by him). That the statement of his appearance at the trial is only a conclusion is confirmed by the unwarranted misstatement, in the brief submitted on this appeal by plaintiff's counsel, that his affidavit charges Isaac Seitzman "with having participated in the trial," although no such expression is contained in the affidavit. Against these inexact allegations stand the positive averments of Isaac Seitzman that he did not know that he was a party to the litigation until his arrest. As he was not served with process, and did not appear in the action, his motion to open the default, involving his discharge from arrest, should have been granted.

The order appealed from, in so far as it denies appellant's motion to open the default and vacate the judgment against him, is reversed, with costs to the appellant, the order of arrest vacated, and the judgment debtor discharged, and a new trial ordered. All concur.